UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUDSON WERBELA,

                        Plaintiff,              99-CV-6152T

              v.                                **ORDER**

MASS MUTUAL LIFE INSURANCE COMPANY,

                        Defendant.
_____

<u>INTRODUCTION</u>

     Plaintiff Judson Werbela, ("Werbela"), formerly a doctor of
Chiropractic Medicine, brings this action against defendant Mass
Mutual Life Insurance Company, ("Mass Mutual") the underwriter of
a long-term disability benefits insurance policy, ("the policy" or
"LTD policy") claiming that the defendant has failed to pay him
benefits due and owing to him under that policy.  Specifically,
Werbela claims that he is the holder of a valid LTD policy issued
by Mass Mutual's predecessor in interest, that he is totally
disabled under the terms of that policy, and that the defendant has
wrongfully discontinued paying benefits to him under the policy.
Mass Mutual contends that the plaintiff is not completely disabled,
was not completely disabled at the time he began receiving
benefits, and that Werbela could perform his duties as a
chiropractor but for the fact that his license to practice was
suspended as a result of misconduct allegations made against him by
female patients, and his subsequent failure to have his license
reinstated.

By motion dated January 4, 2005, Werbela moves for summary judgment seeking a declaration that as a matter of law, he is disabled and therefore entitled to full payment of benefits under his disability policy.  By motion dated March 25, 2005, defendant Mass Mutual cross-moves for summary judgment seeking a declaration that the plaintiff is not entitled to benefits because he is under a legal disability (the suspension of his license) that prevents him from performing his duties as a chiropractor.  Defendant also contends that it is entitled to summary judgment because Werbela failed to comply with all terms of the LTD policy.  Finally, defendant seeks to preclude plaintiff's expert from testifying on grounds that plaintiff failed to timely disclose its expert witness.

For the reasons set forth below, I find that there are material questions of fact in dispute as to whether or not the plaintiff was completely disabled at the time he began receiving benefits or whether or not he continues to be totally disabled.  I therefore deny plaintiff's motion for summary judgment. Additionally, because plaintiff's legal disability arose after his alleged physical disability prevented him from continuing to work, I find that plaintiff's legal disability does not preclude him from seeking disability benefits based on his physical disability, and therefore I deny defendant's motion for summary judgment based on Werbela's legal disability.  This ruling, however, in no way

prevents the defendant from raising the issue of the plaintiff's suspension from practice as part of its defense that plaintiff faked his injuries in an attempt to secure benefits prior to being suspended from practice.  Finally, I deny defendant's motion for summary judgment based on plaintiff's alleged failure to comply with all terms of the LTD policy, and deny defendant's motion to preclude.

**BACKGROUND**

Plaintiff Judson Werbela is a former Doctor of Chiropractic Medicine, having received his degree in 1981 from the Palmer Chiropractic College in Davenport, Iowa.  Werbela became licensed to practice in New York State, and practiced chiropractic medicine until December 1992, when he claims he became totally disabled as the result of a back injury suffered in 1989.  Prior to becoming totally disabled, Werbela claims that he was partially disabled as a result of the injury.

In 1991, Werbela filed a claim for partial disability benefits with the Connecticut Mutual Insurance Company (Mass Mutual's predecessor) pursuant to a long term disability insurance benefit policy issued by that company.  Plaintiff claimed that he was partially disabled as a result of his 1989 back injury, and in March or April of 1991, Connecticut Mutual began paying partial disability benefits to Werbela pursuant to the insurance policy.

According to the plaintiff, his condition deteriorated, and in 1992, he alleges that he became totally disabled as a result of his back injury.  He submitted a claim for full disability benefits, and in December 1992, received such benefits upon Connecticut Mutual's approval of his claim.

Four years later, in 1996, defendant Mass Mutual Life Insurance Company, (as the successor to Connecticut Mutual) reinvestigated plaintiff's claim of total disability.  During the course of its investigation, defendant learned that in 1989, (the same year Werbela claimed he injured his back), plaintiff was accused of molesting one of his female patients.  Defendant also learned that defendant had been accused of sexually harassing another patient, and had settled a malpractice claim with another patient in November, 1991.  Based on the claims of inappropriate sexual contact with his patients, Werbela was investigated by New York State licensing authorities, and in July, 1993, (shortly after he began receiving full disability benefits), he consented to a two- year suspension of his medical license.  In addition, Werbela consented to a five-year period of probation, agreed to perform 100 hours of community service, and agreed to have another person present during his treatment of female patients.  Werbela never completed the 100 hours of community service, and the suspension of his license remains in place.  Seven months prior to being suspended from practice, Werbela sold his practice to an associate chiropractor for $210,000.

**DISCUSSION**

I.   The Parties' Motions for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2nd Cir. 1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Annis v. County of Westchester, 136 F.3d 239, 247 (2nd Cir. 1998).

II.  Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment on grounds that there are no material issues of fact in dispute, and that based upon the facts contained in the record, no trier of fact could find that he is not disabled.  I find, however, that there are several material facts in dispute with respect to whether or not Werbela is disabled.  While the plaintiff has submitted documentary and testimonial evidence suggesting that he suffers from a complete

disability, the defendant has also submitted evidence, including medical evidence, from which a trier of fact could determine that Werbela is not disabled, and was not disabled at the time he applied for benefits in 1992.  Accordingly, I deny plaintiff's motion for summary judgment.

   III. <u>Defendant's Motion for Summary Judgment</u>

   Defendant contends that because Werbela's license was suspended in 1993, he is under a legal disability which prevents him from working, and therefore, pursuant to the terms of the LTD policy, is not entitled to long term disability benefits. Plaintiff counters that the legal disability occurred after the physical disability began, and therefore the legal disability cannot prevent him from receiving his disability benefits.  He further argues that he did not object to the suspension of his licenise, or take steps to regain his license, because he was completely disabled, and thus was unable to work even if his license had been reinstated.

   While it is true that a legal disability, (absent the existence of a preexisting physical disability), will generally preclude a claimant from receiving benefits under a long term disability benefits policy, in the instant case, there is no dispute that plaintiff was not under a legal disability until July of 1993, approximately 7 months after he began receiving his full disability benefits.  Because the physical disability predated the

legal disability, the legal disability can not bar plaintiff from receiving benefits if in fact he was physically disabled at the time he began receiving benefits, and has remained physically disabled during the period he has received benefits.  See e.g. Ohio National Life Assurance Corp v. Crampton, 822 F.Supp. 1230, (E.D. Va., 1993)(existence of bona fide medical disability that exists prior to legal disability prevented insurer from discontinuing benefits on basis of legal disability).

Defendant argues that even if the legal disability in this case did not formally occur until after plaintiff began receiving benefits, Werbela knew that he would soon be losing his license because of his own illegal conduct, and therefore, on public policy grounds, he should not be allowed benefit by delaying imposition of the legal disability until after he began receiving full disability benefits.  In support of this argument, defendant cites Massachusetts Mutual Life Ins. Co. v. Woodall, 304 F.Supp.2d 1364 (D. Ga. 2003), in which a Federal District Court held that the disbarment of an attorney constituted a legal disability which precluded eligibility for LTD benefits even though the disbarment occurred after the attorney was diagnosed with debilitating depression.  In that case, however, the court determined that the defendant's debilitating depression was a result of the conduct that caused him to become disbarred.  The court, acknowledging the principle that a person may not profit from his own wrongdoing,

held that because the depression was a result of the unlawful conduct that caused the attorney to become disbarred, (as opposed to the cause of the unlawful conduct), the legal disability precluded the defendant from collecting LTD benefits, even though the legal disability arose following the physical disability.

In this case, however, the legal disability suffered by Werbela was not the result of his physically disabling back condition. Rather, the legal disability arose out of allegations that Werbela had molested two of his female patients, and arose after Werbela began receiving full disability benefits. Accordingly, I find that the public policy considerations present in the Woodall case are not applicable here.

Defendant contends that it is entitled to summary judgment on grounds that plaintiff failed to comply with all of the terms of his LTD Policy, and therefore is not entitled to LTD benefits. Specifically, defendant claims that the plaintiff failed to appeal the denial of Social Security benefits as required by his LTD Policy, and therefore is not entitled to benefits. Curiously, the defendant does not cite the specific policy language requiring the plaintiff to appeal any denial of Social Security benefits. Indeed, a review of the LTD policy reveals that no such appeal provision exists. Rather, the policy requires a claimant to apply for Social Security benefits, and, if denied such benefits, file a request for reconsideration, if such request is "reasonable under

the circumstances". <u>See</u> Exhibit AA to the March 25, 2005 Affidavit of Paul Keneally at p. 10.  There is no evidence in the record from which the court can determine whether or not plaintiff requested reconsideration of the denial of his application for Social Security benefits, or if a request for reconsideration would have been "reasonable."  I therefore deny defendant's motion for summary judgment on grounds that plaintiff has failed to comply with the conditions of his policy.

Finally, defendant moves to preclude testimony from plaintiff's expert witness on grounds that plaintiff failed to disclose that witness in accordance with this court's January 24, 2003 Scheduling Order.  It is apparent that both parties have failed to comply with the expert witness disclosure deadlines. Accordingly, rather than preclude both parties' expert witnesses from testifying, I direct the parties to exchange expert reports within 20 days of the date of this Order, and conduct expert depositions, if desired, within 60 days of the date of this Order.

<u>CONCLUSION</u>

For the reasons stated above, I find that there are material questions of fact in dispute as to whether or not the plaintiff is totally disabled.  Accordingly, I deny plaintiff's motion for summary judgment on the issue of whether or not plaintiff is disabled.  I further find that plaintiff's legal disability arose

after his alleged physical disability, and therefore plaintiff's legal disability does not preclude him from seeking benefits. Nevertheless, the defendant may introduce evidence of the plaintiff's conduct giving rise to the legal disability in support of its contention that plaintiff faked his disability in order to collect disability benefits prior to being suspended from his profession. Additionally, I deny defendant's motion for summary judgment based on plaintiff's alleged failure to comply with all terms of the LTD Policy. Finally, I deny defendant's motion to preclude plaintiff's expert witness from testifying, and Order the parties to exchange expert reports within 20 days of the date of this Order and schedule depositions of the expert witnesses, if the parties so desire, within 60 days of the date of this Order.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:     Rochester, New York
           October 21, 2005