```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUDSON WERBELA,

                         Plaintiff,              99-CV-6152T

           v.                                    ORDER

MASS MUTUAL LIFE INSURANCE COMPANY,

                         Defendant.
_____
```

## INTRODUCTION

Plaintiff Judson Werbela, ("Werbela"), formerly a doctor of Chiropractic Medicine, brings this action against defendant Mass Mutual Life Insurance Company, ("Mass Mutual") the underwriter of a long-term disability benefits insurance policy, ("LTD policy") claiming that the defendant has failed to pay him benefits due and owing to him under that policy.

By Decision and Order dated October 21, 2005, I denied both parties' motions for summary judgment on grounds that issues of fact existed as to whether or not the plaintiff was disabled at the time he applied for benefits. Plaintiff moves for reconsideration of that Order contending that the Court either misapprehended or failed to address one of his principle arguments: that the defendant breached the LTD policy in 1997 when, after it had already accepted his claim, and had been paying benefits on his claim for four years, the defendant arbitrarily stopped paying benefits, and denied plaintiff's claim of disability. Plaintiff also moves to preclude any deposition testimony from Dr. William A.

Kamell, a physician who examined plaintiff on behalf of the defendant in 1996, on grounds that Dr. Kamell is no longer competent to testify due to recent brain injuries, and also because defendant did not properly provide notice of the deposition.

Plaintiff's motion for reconsideration is denied. There are several material questions of fact as to whether or not the defendant properly discontinued benefit payments in 1997. Defendant contends that the plaintiff failed to comply with provisions of the policy, and therefore benefits were discontinued. Questions of fact are presented as to whether or not Werbela failed to comply with policy requirements, and therefore his motion to reconsider is denied.

Plaintiff's motion to preclude is denied without prejudice as untimely. Dr. Kamell's deposition was taken in December, 2003, and was submitted in support of defendant's motion for summary judgment in March, 2005. Plaintiff never objected to the use of Dr. Kamell's testimony until December, 2005, almost two years after the testimony was taken, and almost 9 months after it was submitted for the court's consideration. Had plaintiff not wanted the court to consider that testimony, he had ample opportunity to object to the use of that testimony prior to the consideration of the motions for summary judgment, and his failure to do so warrants denial of his motion to preclude. This Order does not, however, prevent

plaintiff from raising an objection to the use of Dr. Kamell's testimony at trial.

    ALL OF THE ABOVE IS SO ORDERED.

                    S/ Michael A. Telesca
                        MICHAEL A. TELESCA
               United States District Judge

Dated:    Rochester, New York
           July 10, 2006